ams

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No.  03-40122-01-JAR |
| | ) | |
| JANE E. SHIRACK, | ) | |
| | ) | |
| Defendant/Petitioner. | ) | |
| | ) | |

### MEMORANDUM AND ORDER DENYING MOTION UNDER 28 U.S.C. § 2255

Defendant/petitioner Jane E. Shirack filed a Motion to Vacate her sentence pursuant to 28 U.S.C. § 2255.  (Doc. 22.)  Petitioner argues that the sentence should be vacated in light of the Supreme Court's decision in *Blakely v. Washington*,[1] which struck down Washington's state sentencing scheme as violative of the Sixth Amendment right to a jury trial.  Petitioner maintains that the Federal Sentencing Guidelines (Guidelines) are similarly violative of the Sixth Amendment, and therefore her sentence is unconstitutional.

After petitioner filed this motion, the Supreme Court decided *United States v. Booker*,[2] which struck down the mandatory nature of the Federal Sentencing Guidelines as incompatible with the Sixth Amendment.  Consistent with the Supreme Court's guidance in *Blakely* and *Booker*, this Court denies

---

[1]  542 U.S.__, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004).

[2]  543 U.S. __,125 S. Ct. 738 , 2005 WL 50108 (2005).

1

petitioner's motion because neither *Blakely* nor *Booker* is retroactive to federal criminal cases that became final before the *Booker* decision was handed down on January 12, 2005.

### I.  Procedural Background

Petitioner was charged with four counts of wire fraud and one count of criminal forfeiture.  On December 8, 2003, she pled guilty to the wire fraud counts.  On April 6, 2004, the Court sentenced her to 24 months imprisonment, 5 years supervised release, a $400 special assessment, and $772,861.19 in restitution.  Petitioner did not file a direct appeal from her conviction and sentence, and the time for doing so has passed.  Petitioner filed the instant Motion to Vacate on January 13, 2005.

### II.  Analysis

Petitioner argues that her sentence is unconstitutional because the Court enhanced the offense level based on relevant conduct that was not admitted by her in the plea agreement or proved to a jury beyond a reasonable doubt, in violation of *Blakely*.  *Blakely* represents an extension of the rule originally announced in *Apprendi v. New Jersey*, where the Court held, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."[3]  In *Blakely*, the Court applied the rule and explained that the statutory maximum under *Apprendi* "is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the*

---

[3]  530 U.S. 466, 490, 120 S. Ct. 2348, 2362-63, 147 L. Ed. 2d 435 (2000).

*defendant*,"[4] which is not necessarily the same as the maximum punishment possible under statute.[5]  On this basis, the Court struck down the Washington state sentencing scheme.  In the wake of *Blakely*, courts grappled with the issue of whether the Federal Sentencing Guidelines were also unconstitutional since they required sentencing judges to make factual findings in a fashion similar to that under the Washington scheme.[6]

Recently, in *United States v. Booker*, the Supreme Court resolved this issue.  In two separate majority opinions, the Court decided first, that the mandatory nature of the Guidelines violate the Sixth Amendment for the same reasons that the Washington state scheme did in *Blakely*[7].  Second, the Court decided that the appropriate remedy for this constitutional infirmity is to excise the provision from the Sentencing Reform Act that requires district courts to apply the Guidelines.[8]  Instead, the Court deemed the Guidelines advisory and explained that sentencing courts must now consider the sentencing goals as set forth in 18 U.S.C. § 3553(a).[9]  The applicable standard of review under the new sentencing landscape is the reasonableness of the sentence.[10]

Because this is a collateral attack on a final sentence, the Court must first determine if the rule

---

[4]  *Blakely*, 124 S. Ct. at 2537 (emphasis in original).

[5]  *Blakely*, 124 S. Ct. at 2538.

[6]  *See Blakely*, 124 S. Ct. at 2548-50 (O'Connor, J., dissenting).

[7]  *Booker*, 125 S. Ct. at 745 (Stevens, J.).

[8]  *Booker*, 125 S. Ct. at 756 (Breyer, J.).

[9]  *Booker*, 125 S. Ct. at 764.

[10]  *Booker*, 125 S. Ct. at 765.

announced in *Booker* may retroactively apply to this petitioner.  While the Supreme Court did state: "we must apply today's holdings–both the Sixth Amendment holding and our remedial interpretation of the Sentencing Act–to all cases on direct review;"[11] the Supreme Court did not state whether its holding applied to cases on collateral review.  The Tenth Circuit has not yet decided whether *Booker* should apply retroactively to cases on collateral review.

In *Schriro v. Summerlin*, the Supreme Court spoke to the issue of retroactivity just prior to deciding *Blakely*.  It restated the precept that new rules announced by the Court only apply to criminal convictions that are final in limited circumstances.[12]  Generally, new substantive rules will apply retroactively while new procedural rules will not.[13]  However, a small number of procedural rules are given retroactive effect if they are "watershed rules of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding."[14]  The Supreme Court has described such a rule as one "without which the likelihood of an accurate conviction is *seriously* diminished.  This class of rules is extremely narrow, and it is unlikely that any . . . ha[s] yet to emerge."[15]

This Court finds that the rule announced in *Booker* is procedural because it only "regulate[s] the

---

[11]  *Booker*, 125 S. Ct. at 769 (citing *Griffith v. Kentucky*, 479 U.S. 314, 328 (1987)).

[12]  *Schriro v. Summerlin*, 542 U.S. __, 124 S. Ct. 2519, 2522, 159 L. Ed. 2d 442 (2004).

[13]  *Id.*

[14]  *Summerlin*, 124 S. Ct. at 2523 (internal quotations omitted); *Teague v. Lane*, 489 U.S. 288, 312-13, 109 S. Ct. 1257, 1060, 103 L. Ed. 2d 334 (1989).

[15]  *Summerlin*, 124 S. Ct. at 2523 (internal quotations omitted) (emphasis in original).

4

*manner of determining* the defendant's culpability."[16]  In *Summerlin*, the Court refused to

retroactively apply *Ring v. Arizona* to collateral cases.  *Ring* held that a sentencing judge could not find

an aggravating circumstance necessary for imposition of the death penalty because the Sixth

Amendment requires such a factor to be found by a jury.[17]  This Court finds that the *Summerlin*

rationale applies with equal force to the rule announced in *Booker*.  "Rules that allocate decisionmaking

authority in this fashion are prototypical procedural rules."[18]  As was the case in *Ring*, *Booker* is

primarily concerned with the identity of the decisionmaker and the burden of proof required to

determine a given sentence.  The decision does not determine what type of primary conduct is lawful or

unlawful.

　　　　Furthermore, the Court finds that *Booker* does not constitute one of those rare "watershed

rules of criminal procedure" that could be applied retroactively to cases on collateral review.  In order

to constitute such a rule, it must "so 'seriously diminish' accuracy that there is an 'impermissibly large

risk' of punishing conduct the law does not reach."[19]  In *Summerlin*, the Court found the evidence

overwhelmingly did not support such a conclusion about jury factfinding.

　　　　Prior to *Booker*, the Tenth Circuit held that *Blakely* did not apply to cases on collateral

---

[16]  *Id.* (citing *Bousley v. United States*, 523 U.S. 614, 620-21, 118 S. Ct. 1604, 140 L. Ed. 2d 828 (1998)) (emphasis in original).

[17]  *Summerlin*, 124 S. Ct. at 2526 (discussing *Ring v. Arizona*, 536 U.S. 584, 122 S. Ct. 2428, 153 L. Ed. 2d 556 (2002)).

[18]  *Summerlin*, 124 S. Ct. 2523 (collecting cases where the Court has reached the same conclusion in other contexts).

[19]  124 S. Ct. at 2525 (quoting *Teague v. Lane*, 489 U.S. 288, 312-13,109 S. Ct. 1257, 1060, 103 L. Ed. 2d 334 (1989) (quoting *Desist v. United States*, 394, U.S. 244, 262, 89 S. Ct. 1030, 22 L. Ed. 2d 248 (1969))).

review,[20] and other circuits have similarly held that *Booker* does not apply to cases on collateral review.[21]  This Court agrees with the reasoning of the Seventh Circuit in *United States v. McReynolds*, which followed *Summerlin* in concluding that *Booker* does not apply to cases on collateral review.[22] Because *Blakely* reserved judgment on the constitutionality of the Guidelines,[23] *Booker* constitutes the new rule on the Guidelines that petitioner seeks to have applied to her case.  Because the Supreme Court filed its decision in *Booker* on January 12, 2005, that is "the appropriate dividing line."[24]

Petitioner's only argument in her motion to vacate is that her sentence is unconstitutional based on *Blakely*.  The Court finds that the rule explained in *Blakely* may only apply to the petitioner vis-a-vis *Booker*, which for the first time applied *Apprendi* and *Blakely* to the Federal Sentencing Guidelines.  Because the Court finds that this new procedural rule is not a watershed rule of criminal procedure, and because petitioner's sentence was final on April 6, 2004, the rule announced in *Booker* does not apply.[25]

---

[20]  *Leonard v. United States*, 383 F.3d 1146, 1147-48 (10th Cir. 2004); *United States v. Price*, No. 04-7058, 2004 WL 2905381, *4-5 (10th Cir. Dec. 16, 2004); *cf. United States v. Leonard*, No. 04-6197, 2005 WL 139183, *2 (10th Cir. Jan. 24, 2005) ("New rules of criminal procedure, however, are applied retroactively only to cases pending on direct review or cases that are not yet final. . . . Thus, *Blakely*, as well as the Supreme Court's more recent decision in *United States v. Booker* . . . have no applicability to Leonard's sentence.").

[21]  *McReynolds v. United States*, __F.3d__, Nos. 04-2520, 04-2632, 2844, 2005 WL 237642 (7th Cir. Feb. 2, 2005) *Green v. United States*, __F.3d.__, No. 04-6564, 2005 WL 237204, *1 (2d Cir. Feb. 2, 2005); In re *Anderson*, __F.3d__, No. 05-10045-F, 2005 WL 123923, *3 (11th Cir. Jan. 21, 2005).

[22]  *McReynolds*, 2005 WL 237642, at *2.

[23]  *Blakely*, 124 S. Ct. at 2538 n.9 ("The Federal Guidelines are not before us, and we express no opinion on them.").

[24]  *McReynolds*, 2005 WL 237642, at *2.

[25]  *See* 28 U.S.C. § 2255(1), (3).

6

**IT IS THEREFORE ORDERED BY THE COURT** that the Motion to Vacate Sentence

Pursuant to 28 U.S.C. § 2255 (Doc. 22) is **DENIED**.

IT IS SO ORDERED.

Dated this 21st day of February 2005.


   S/ Julie A. Robinson
**JULIE A. ROBINSON**
**UNITED STATES DISTRICT JUDGE**